UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE HAMILTON,<br><br>        Plaintiff,<br><br>    v.<br><br>J. QUINONEZ, et al.,<br><br>        Defendants. | CASE NO. 1:14-cv-1216-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO:**<br><br>**1) DENY REQUEST FOR ENTRY OF DEFAULT**<br><br>**2) GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**<br><br>**(ECF NO. 18)** |

**I.       PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 9.) The action proceeds on Plaintiff's Eight Amendment failure to protect claim against Defendants Quinonez and Lozano. (ECF Nos. 9 & 10.)

Before this Court is Plaintiff's "Motion to Strike Defendant's [sic] Answer and Affirmative Defenses to Complaint." (ECF No. 18.)

On November 17, 2014, the Court ordered service upon Defendants by the U.S. Marshals Service. (ECF No. 12.) Requests for waivers of service were sent on November 21, 2014; the court received executed waivers of service from both Defendants on December 19, 2014. (ECF No. 13.) Defendants' answer was due January 20, 2015. Defendants served and filed their answer on January 20, 2015. (ECF No. 14.) Defendants opposed the instant motion on February 11, 2015 (ECF No. 19).

**III.   ANALYSIS**

**A. Motion for Default**

In general, "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). However, many defendants have "a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). "The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." Id. Rule 12(a)(1)(A)(ii) of the Federal Rules of Civil Procedure provides that a defendant that has timely waived service under Rule 4(d) must respond "within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States."

Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the Court enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Rule 55(b)(2) provides that the Court may grant a default judgment after default has been entered by the Clerk of the Court.

Here, Plaintiff is not entitled to entry of default under Rule 55(a) because Defendants timely filed an answer to the complaint. (ECF No.14.) Pursuant to Rule 12, Defendants had sixty days after the request for waiver of service was sent to serve their

2

responsive pleading. Fed. R. Civ. P. 12(a)(1)(ii).  The request for waiver was sent on November 21, 2014 and Defendants timely waived service on December 16, 2014. (ECF No. 13).  Defendants' answer was due on January 20, 2015,[1] and they served and filed the answer on that day. (ECF No. 14.) Thus, Defendants' answer was timely.

Accordingly, the court recommends that Plaintiff's motion for default be denied.

**B. Motion to Strike Affirmative Defenses**

Rule 12(f)(2) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" on the motion of a party.  "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974 (9th Cir. 2010).

Affirmative defenses can be challenged as a matter of pleading or as a matter of law. Harris v. Chipotle Mexican Grill, Inc., 303 F.R.D. 625, 627 (E.D. Cal. 2014).  An affirmative defense fails as a matter of law if it 'lacks merit under any set of facts that the defendant might allege'" Id., at 628 (citing Dodson v. Strategic Restaurants Acquisition Co., 289 F.R.D. 595, 602 (E.D. Cal. 2013). Pleading insufficiency means a failure to provide the plaintiff with fair notice. Harris, 303 F.R.D. at 628; Dodson, 289 F.R.D. at 603.

There is some disagreement among the district courts in California as to the level of factual support necessary for an affirmative defense to put a plaintiff "on notice" or to save an affirmative defense from insufficiency.  Compare Dodson, 289 F.R.D. at 602-603 (applying Iqbal/Twombly pleading standard to affirmative defenses); Barnes v. AT&T

---

[1] See, e.g., Marsh v. Vegianelli, NO. 1:09-cv-01243 2012 WL 5505079. at *1 n.2 (E.D. Cal. Nov. 13, 2012) for more details on calculations of deadlines under Rule 12.

3

Pension Benefit Plan, 718 F.Supp. 2d 1167, 1172 (N.D. Cal. 2010)(same); and Vogel v. Huntington Oaks Delaware Partners, 291 F.R.D. 438, 441 (C.D. Cal. 2013)(same); with Kohler v. Staples the Office Superstore, 291 F.R.D. 464, 468 (S.D. Cal. 2013)(declining to apply Iqbal/Twombly standard absent Ninth Circuit instruction).  The general trend, however, seems to be toward applying the heightened Iqbal/Twombly standard to affirmative defenses. Given that multiple decisions in the Eastern District have agreed, see, e.g., Dodson, *supra*; Richmond v. Mission Bank, No. 1:14-cv-00184 2014 WL 2002312, at *3 (E.D. Cal. May 15, 2014); Mayfield v. Cty. of Merced, No. 1:13-CV-1619 2015 WL 791309, at *3 (E.D. Cal. Feb. 25, 2015), the Court will likewise apply that standard here.

      Thus, "each affirmative defense must be supported by factual allegations." Dodson, 289 F.R.D. at 603 (citing Iqbal, 556 U.S. at 678).  "The court must accept as true all of the factual allegations contained in the answer." Dodson, 289 F.R.D. at 603 (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)).  "Neither legal conclusions nor conclusory statements are themselves sufficient, and such statements are not entitled to a presumption of truth." Dodson, 289 F.R.D. at 603 (citing Iqbal, 556 U.S. at 664). After identifying the non-conclusory factual allegations, the Court must determine whether these allegations, taken as true and construed in the light most favorable to the defendant, plausibly establish that the plaintiff has no right to recovery. Dodson, 289 F.3d at 603.

      However, prejudice is the touchstone of a motion to strike: because motions to strike are often used as a means of delay and are therefore disfavored, motions to strike are "rarely granted in the absence of prejudice to the moving party." Harris, 303 F.R.D. at 628; see also Hawkins v. Medtronics, Inc., --- F.Supp. 3d -- , at *3 (E.D. Cal. Nov. 20,

2014)(citing <u>Buereerong v. Uvawas</u>, 922 F.Supp. 1450, 1478 (C.D. Cal. 1996))("Granting a motion to strike may be proper if it will make the trial less complicated, or if the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense or [if] their presence will be prejudicial to the moving party.") Prejudice exists where "superfluous pleadings may confuse the jury, or where a party may be required to engage in burdensome discovery around frivolous matters." <u>Harris</u>, 303 F.R.D. at 628.

Here, Defendants' answer lists eight affirmative defenses: 1) exhaustion; 2) qualified immunity; 3) Plaintiff's own conduct; 4) res judicata and collateral estoppel; 5) Plaintiff's failure to mitigate; 6) statute of limitations; 7) Eleventh Amendment; and 8) no showing of physical injury.  All these defenses are presented in conclusory fashion, with no explanation of their applicability to the facts of this case.  However, Defendants' Opposition to Plaintiff's Motion to Strike provides more detailed explanations of the basis for all. (ECF No. 19.)  To the extent that the Opposition provides the level of detail necessary to put Plaintiff "on notice" of Defendants' defenses, he is no longer prejudiced by Defendants' failure to do so in the Answer.  Thus, the court will evaluate the sufficiency of the defenses with reference to both the Answer and the Opposition.

### 1. First Affirmative Defense: Exhaustion

In their first affirmative defense, Defendants claim that Plaintiff has not exhausted his administrative remedies. Although Defendants provide no direct evidence of Plaintiff's failure to exhaust, they indicate that they have yet to verify the authenticity of the administrative appeal record – printed on CDCR letterhead and signed by various CDCR administrators – that Plaintiff included with his Complaint. (ECF No. 14, at 2.) <u>Iqbal</u> does not mandate strong defenses, only *plausible* ones, and the argument that

Plaintiff falsified his administrative appeal record *is* plausible.  Therefore, court finds that Defendants have met the pleading standard, and recommends that Plaintiff's Motion to Strike be DENIED as to this defense.

### 2. Second and Seventh Affirmative Defenses: Qualified Immunity and Eleventh Amendment

In their second affirmative defense, Defendants claim that they are entitled to qualified immunity.  In their seventh, they claim that the Eleventh Amendment bars Plaintiff's claims.  Defendants rest these defenses on the ground that 1) Plaintiff has yet to prove a constitutional violation and 2) that he has sued Defendants in their official as well as individual capacities.  The Court finds these points well taken: Plaintiff has not yet proven his rights were violated, and to the extent that Defendants are sued in their official capacities, they likely would be entitled to immunity.  Therefore, the court recommends that Plaintiff's Motion to Strike be DENIED as to these defenses.

### 3. Third Affirmative Defense: Plaintiff's Own Conduct

In their third affirmative defense, Defendants claim that Plaintiff's "own conduct … may have caused or contributed to the harm he complains of." (ECF No. 19, at 5.) While the Defendants do not expressly provide any legal or factual support for this possibility, they do deny that they failed to protect Plaintiff. (ECF No. 14, at 2.) Given this denial, the defense that Plaintiff contributed to his own injuries is plausible on the facts of this case; indeed, if Plaintiff provoked or sought out the altercation from which he alleges Defendants failed to protect him, then he would be unlikely to prevail on his claim. Defendants are correct that by raising these defenses, they put Plaintiff on notice "such that he can seek discovery." Id.  Therefore the court recommends that Plaintiff's Motion to Strike be DENIED as to this defense.

### 4. Fourth and Sixth Affirmative Defenses: *Res Judicata*, Collateral Estoppel, and Statute of Limitations

In their fourth affirmative defense, Defendants assert that Plaintiff's action is barred by the doctrine of *res judicata* or collateral estoppel. The sixth claims that the statute of limitations may bar Plaintiff's suit. Defendants state no facts suggesting Plaintiff's suit is untimely and identify no prior action which could conceivably bar the present. They have failed to plead "at least some valid factual basis" for either defense. See Mayfield, 2015 WL 791309, at *4; see also Dodson, 289 F.R.D. at 604 (only finding conclusory averment of statute of limitations defense adequate because plaintiff had not said when alleged violations occurred). Defendants have said only that these defenses "will require more discovery to determine their applicability." As stated in Twombly, the plausibility requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" supportive of the claims. 550 U.S. at 556. Defendants have failed to raise this reasonable expectation, so the Court recommends that Plaintiff's Motion to Strike be GRANTED as to these defenses. Defendants should be given leave to amend these defenses, in the event that they identify factual support for them.

### 5. Fifth Affirmative Defense: Failure to Mitigate

In their fifth affirmative defense, Defendants assert that Plaintiff failed to mitigate his harm. Although Defendants neither establish that Plaintiff had a duty to mitigate harm from Defendants' failure to protect, nor provide a factual basis for concluding that Plaintiff failed to do so, "courts have typically held that a generalized statement meets a party's pleading burden with respect to the affirmative defense of damage mitigation." Eurow & O'Reilly Corp. v. Super. Mfg. Grp., Inc., No. CV 14-6595-RSWL 2015 WL 1020116, at *3 (C.D. Cal. Mar. 6, 2015)(citing J&J Prods., Inc. v. Delgado, No. CIV 2:10-

7

2517 2011 WL 219594, at *2 (E.D. Cal. Jan. 19, 2011)); but see Richmond v. Mission Bank, No. 1:14-cv-00184 2014 WL 6685989, at*6 (E.D. Cal. Nov. 26, 2014)(failure to mitigate defense not stricken where it contained sufficient facts such that it was not "mere boilerplate and provide[d] notice that Defendant [would] attempt to prove that Plaintiff's re-employment efforts were inadequate"). Here, Plaintiff's complaint alleges that he was physically assaulted as a result of Defendants' failure to protect. To the extent that he seeks damages for injuries stemming from the assault, something as simple as a failure to follow medical advice could amount to a failure to mitigate. At this early stage of the proceedings, the court declines to strike this defense, given that it is potentially applicable and would not require the Plaintiff to engage in burdensome discovery. See Eurow, No. CV 14-6595-RSWL 2015 WL 1020116, at *3, n.3. Therefore, the Court recommends that Plaintiff's Motion to Strike be DENIED as to this defense.

### 6. Eighth Affirmative Defense: No Showing of Physical Injury as Required by 42 U.S.C. § 1997e(e)

In their eighth affirmative defense, Defendants assert that "to the extent Plaintiff's claims are based on mental or emotional injury, they must be dismissed where there is no showing of physical injury as required by 42 U.S.C. 1997e(e)." (ECF No. 14, at 6.) In their opposition, they clarify that Plaintiff does not specify "on what he bases his damages," and that his request for monetary and punitive damages may include "damages based on mental or emotional injury." (ECF No. 19, at 6). Given that prison officials' failure to protect an inmate could plausibly cause mental and emotional injury to an inmate, the Court finds that this defense puts Plaintiff on notice that if he intends to recover for such injuries, he must additionally show that he suffered physical harm. 42

U.S.C. 1997e(e). Therefore the court recommends that Plaintiff's Motion to Strike be DENIED as to this defense.

**C.  CONCLUSION**

Accordingly, the court HEREBY RECOMMENDS that:

1) Plaintiff's Motion for Entry of Default be DENIED;

2) Plaintiff's Motion to Strike Defendants' Affirmative Defenses be GRANTED without prejudice as to the fourth and sixth affirmative defenses; and

3) Plaintiff's Motion to Strike Defendants' Affirmative Defenses be DENIED as to the remaining defenses.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:  March 16, 2015            /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE