1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EDDIE HAMILTON,

                  Plaintiff,

      v.

J. QUINONEZ, et al.,

                  Defendants.

CASE NO. 1:14-cv-1216-LJO-MJS (PC)

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

**(ECF NO. 22)**

**THIRTY (30) DAY DEADLINE**

## I.    PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 9.) The action proceeds on Plaintiff's Eighth Amendment failure to protect claim against Defendants Quinonez and Lozano. (ECF Nos. 9 & 10.)

Before the Court is Plaintiff's April 24, 2015 motion to compel discovery. (ECF No. 22.)  Defendant filed an opposition. (ECF No. 23.) Plaintiff filed no reply.  The matter is deemed submitted. Local Rule 230(*l*).

## II.    LEGAL STANDARD

The discovery process is subject to the overriding limitation of good faith. Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981). Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to

1
2
3
4
the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id.

5
6
7
8
9
10
11
12
13
14
Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P., 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS (PC), 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, No. CIV S-11-1030 MCE EFB P., 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

15
16
17
18
19
20
The court must limit discovery if the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii). "In each instance, the determination whether . . . information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. R. Civ. P. 26 Advisory Committee's note (2000 Amendment) (Gap Report) (Subdivision (b)(1)).

21
**III. PLAINTIFF'S CLAIMS**

22
23
Plaintiff's claims, which arose when he was incarcerated at Wasco State Prison, may be summarized essentially as follows:

24
25
26
27
28
On February 19, 2013, Plaintiff was assaulted by his cellmate Carlos Richee. On March 8, 2013, prison officials formally documented Plaintiff and Richee as enemies. On April 2, 2013, Plaintiff told Defendants Quinonez and Lozano, both correctional officers, that he and Richee had fought previously and he feared for his safety. Defendants

1   made no effort to prevent an altercation.  Defendant Quinonez had been present when

2   Plaintiff was attacked on February 19 and allegedly informed Lozano of the incident.

3   Defendant Lozano told Plaintiff that "if anything happen, do what you have to do and you

4   won't get in any trouble."

5

6        Plaintiff was assaulted by Richee approximately twenty minutes later. Plaintiff

7   suffered injuries to his face and shoulder.  Plaintiff asserts the Defendants failed to

8   protect him from a substantial risk of harm in violation of the Eighth Amendment.

9   **IV. DISCUSSION**

10       Plaintiff contends that Defendants' responses to Interrogatories 1-5, and Request

11  for Production 1[1] are deficient and requests that Defendants provide further responses.

12  Defendants argue that their objections were proper. (ECF No. 23.) The Court addresses

13  each of the discovery requests in turn.

14

15  **1.  Interrogatory No. 1**

16       **a.  Request:**
        Had inmate Richee AM8781 been disciplined or involved in
17       any other fight-related disturbances prior to April 2, 2013?

        **b.  Response**
18       Objection: This request is compound, vague as to time, and it
         calls for a legal conclusion.  Defendant further objects on the
19       grounds that it is vague and ambiguous because it does not
         specify the term [sic] "disciplined" or "involved" or "any other
20       fight-related disturbances." Defendant further objects
         because it is overbroad as to time, nor [sic] does it specify a
21       time period other than "prior to April 2, 2013." Defendant
         further objects that this request seeks information not
22       relevant to any claim or defense at issue in this lawsuit, and
         is thus not reasonably calculated to lead to the discovery of
23       admissible evidence.   Fed. R. Civ. P. 26(b).  Defendant
         further objects because this interrogatory seeks confidential
24       and private information pertaining to another inmate, the
         disclosure of which would create a hazard to the safety and
25       security of the institution and violates the inmates' rights to
26

27

28  [1] Both the interrogatories themselves and the Defendants' responses to them are identical as to each
    Defendant. (ECF No. 22.)

privacy and confidentially [sic].    Defendant further objects
because this interrogatory seeks information not in the
possession, custody or control of the defendant.    Without
waiving any objections, Defendant responds as follows: Not
to my knowledge.

### c. Analysis

Defendant's objections are sustained in part and overruled in part.  Defendants will
be required to answer subject to the limitations described below.

The request is not vague, ambiguous, or compound, and does not call for a legal
conclusion.  Giving it a fair and reasonable reading in light of the facts of this case, it
simply asks whether the named individual has been disciplined for fighting[2] or been
involved in any fight-related incidents to Defendants' knowledge. The response could
have great relevancy to whether Defendants knew Richee was a threat prior to the April
2, 2013 assault on Plaintiff (ECF No. 9, at 8.) Information revealing prior documented
violent behavior and/or fights with other inmates could support Plaintiff's claims.  See
Gray v. Virga, No. 2:12-CV-03006 2015 WL 1509082, at *7 (E.D. Cal. April 1,
2015)(information from file of perpetrator of assault could support plaintiff's claim that
defendants knew perpetrator to be a danger to others).

Defendants' response that they have no knowledge of prior incidents is suspect given
Plaintiff's allegations that Richee assaulted him in February 2013 and that the two were
subsequently designated "enemies." It is not clear whether Defendants deny this
occurred, deny they have any knowledge of it having occurred, or are being
disingenuous.   Defendants are reminded that they are to answer with regard to
knowledge in or subject to their possession, custody, or control.  Certainly, records of
such events are available to them or their counsel.

---

[2] Read literally, the request asks whether Richee was disciplined for any reason.  Such an interpretation
would leave the request overbroad in asking about discipline wholly unrelated to issues raised in this case.
Accordingly, the Court reads it as calling for "discipline for fighting."

Defendants' objections on the basis of privilege will also be overruled. While Cal. Code Regs. tit. 15, § 3370(b) may prevent Defendants from producing documents from another inmate's central file absent a court order, it does not prevent Defendants from responding to an interrogatory on the same issues. See Cordoba v. Dickinson, No. CIV S-10-2944 2012 WL 868926, at *2 (E.D. Cal. Mar. 13, 2012)(plaintiff "could and should have sought" information about Defendants' conduct from the central file of his inmate-enemy "through interrogatories, requests for admissions, or other available discovery devices"); Gamez v. Gonzalez, No. 08-cv-1113 2011 WL 1087090, at *4 (E.D. Cal. Mar. 24, 2011)(Plaintiff did not have a right to confidential debriefing reports, but was entitled to limited disclosure of the information in the reports).

However, the request is overbroad as to time. An incident long years before the event in issue in this case would be of little, if any, relevance here. Events within the three years preceding April 2013 could potentially be relevant. The Court will order Defendants to answer with regard to that time period.

Accordingly, Plaintiff's motion to compel is GRANTED as to the first interrogatory, and Defendants shall provide further responses relating to the three year period prior to April 2013.

**2. Interrogatory No. 2**

    **a. Request**
      Has any inmate other than Plaintiff ever accused you of failing to protect an Inmate since the beginning of your employment by the CDCR?

    **b. Response**
      Objection. This request is vague and ambiguous as to the terms "failing to protect" and calls for a legal conclusion. Defendant further objects that this interrogatory is overbroad as to time. Defendant further objects that this request seeks information not relevant to any claim or defense at issue in this lawsuit, and thus is not reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P.. 26(b).

1
2

Without waiving objections, Defendant responds as follows:
Not to my knowledge.

    **c.  Analysis**

3
4
5

Defendant's objections are sustained in part and overruled in part, and Defendants will be required to answer subject to the limitations described below.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

The request is not vague or ambiguous and does not call for a legal conclusion. Giving it a fair and reasonable reading in light of the facts of this case, it simply asks whether other inmates previously filed grievances alleging that Defendants failed to protect them from assaults. Previous complaints against Defendants are relevant insofar as they could help establish possible a pattern or practice of failing to protect inmates from one another.  See Taylor v. O'Hanneson, No. 1:11-CV-00538 2014 WL 2696585, at *4-5 (E.D. Cal. June 13, 2014)(citing Ramirez v. Cty. of Los Angeles, 231 F.R.D. 407, 412 (C.D.Cal.2005)); see also Wheeler v. Alison, No. 1:12-cv-00861 2015 WL 269148, at *2 (E.D. Cal. Jan. 21, 2015)(discussing scope of plaintiff's ability to discover Defendant's past behavior).  While admissibility of character evidence is a trial objection, discovery is much broader. Even at trial, evidence inadmissible to prove character may be admissible for other purposes, as Plaintiff observes in his motion to compel (ECF No. 22, at 2). See also Taylor, 2014 WL 2696585, at *4.

21
22
23
24

The Court agrees that Plaintiff's request is overbroad as to time; thus, the Court will order Defendants to provide further responses regarding grievances alleging Defendants failed to protect within the three years preceding April 2013. See Wheeler, 2015 WL 269148, at *2.

25
26
27
28

In their opposition to Plaintiff's motion to compel, Defendants assert that inmate grievances are not categorized by the staff members named in the grievance, so Defendants have no reasonable way to search for the information "other than to look

through every inmate appeal ever submitted during each individual Defendants' [sic]

tenure at a particular institution." (ECF No. 23, at 9.) However, inmate appeals *are*

apparently categorized by both "the institution where the grieved issue took place and

the inmate's appeal issue." Id.  Therefore, Defendants may search for inmate appeal

issues categorized as, e.g., "inmate assault" or "failure to protect" claims.

Therefore, Plaintiff's motion to compel a further response to Interrogatory No. 2 is

GRANTED; Defendants must provide further responses regarding grievances, filed

within the three years preceding April 2013, alleging that they failed to protect an inmate

from harm.

### 3. Interrogatory No. 3

#### a. Request
Has anyone ever initiated a Staff Complaint against you since the beginning of your employment by the CDCR?

#### b. Response
Objection. This request is overbroad as to scope and time. Defendant further objects that this request seeks information not relevant to any claim or defense at issue in this lawsuit, and is thus not reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b). The request also calls for confidential information protected by privacy rights of staff and inmates guaranteed by the United States and California Constitutions, applicable statutes such as Government Code section 6254; and calls for confidential information that would unduly expose the institution, staff and/or other inmates to a substantial risk of harm under California Code of Regulations, Title 15, section 3321. Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential. Cal. Code Regs. tit. 15, § 3370(d).
Without waiving objections, Defendant responds as follows: Not to my knowledge.

#### c. Analysis and Ruling:

Defendants' objection based on relevance is overruled.  As with grievances alleging

Defendants' failure to protect them, previous staff complaints could show bias, a pattern

7

1    or practice of unprofessional behavior, or Defendants' knowledge of complaints against

2    them. See Taylor, 2014 WL 2696585, at *4 (citing Ramirez, 231 F.R.D. at 412); Wheeler,

3    2015 WL 269148, at *2.   In addition, Defendants suggest in their opposition to the

4    motion to compel that such a complaint may have been made in response to Plaintiff's

5    allegations against them, indicating that some responsive information is contained within

6    their files. (ECF No. 23, at 8.)

7

8          The Court agrees, however, that the request is overbroad as to scope and time.

9    Thus, the Court will order Defendants to provide further responses regarding staff

10   complaints made within the last three years regarding inmate assaults and failures to

11   protect.

12

13         As to Defendants' objection on privacy grounds, although the Court may take into

14   account the privacy interests potentially implicated in the disclosure of documents and

15   information, "privacy concerns are not absolute; they must be weighed against other

16   competing interests." Ramirez, 231 F.R.D. at 411 (C.D.Cal. 2005). Ramirez recognized

17   in the context of excessive force complaints against police officers:

18         "Most information requested by civil rights plaintiffs in these lawsuits deals
           with professional personnel records, such as prior involvement in
19         disciplinary proceedings or citizen complaints filed against the officers. The
           privacy interest in this kind of professional record is not substantial,
20         because it is not the kind of 'highly personal' information warranting
           constitutional safeguard. The privacy interest in nondisclosure of
21         professional records should be especially limited in view of the role played
           by the police officer as a public servant who must be accountable to public
22         review."
23

24         Id. These concerns are equally applicable to allegations that a correctional officer

25   failed to protect an inmate from a known risk of assault.  See Taylor, 2014 WL 2696585,

26   at *5.  Therefore, Plaintiff's motion to compel a further response to Interrogatory No. 3 is

27   GRANTED; Defendants must provide further responses regarding staff complaints, filed

28

                                                8

within the three years preceding April 2013, alleging that they failed to protect an inmate

from harm.

### 4. Interrogatory No. 4

#### a. Request
Has any inmate ever initiated a Staff Complaint against you since the beginning of your employment by the CDCR?

#### b. Response
Objection. This request is overbroad as to scope and time. Defendant further objects that this request seeks information not relevant to any claim or defense at issue in this lawsuit, and is thus not reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b). The request also calls for confidential information protected by privacy rights of staff and inmates guaranteed by the United States and California Constitutions, applicable statutes such as Government Code section 6254; and calls for confidential information that would unduly expose the institution, staff and/or other inmates to a substantial risk of harm under California Code of Regulations, Title 15, section 3321. Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential. Cal. Code Regs. tit. 15, § 3370(d).
Without waiving objections, Defendant responds as follows: Not to my knowledge.

#### c. Analysis and Ruling

Defendants' objections to Interrogatory No. 4 are the same as their objections to

Interrogatory No. 3. The Court adopts its ruling on Interrogatory No. 3 above to sustain in

part and overrule in part Defendants' objections and order Defendants to respond in

accord with the directions and limitations set forth in regard to Request No. 3 above,

except here the response will be limited to those complaints initiated by inmates.

### 5. Interrogatory No. 5

#### a. Request
Identify any and all Complaints or grievances filed by any inmate against you pertaining to your Failing to Protect conduct.

#### b. Response

9

Objection. This request is overbroad as to scope and time. Defendant further objects that this request seeks information not relevant to any claim or defense at issue in this lawsuit, and is thus not reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b). The request also calls for confidential information protected by privacy rights of staff and inmates guaranteed by the United States and California Constitutions, applicable statutes such as Government Code section 6254; and calls for confidential information that would unduly expose the institution, staff and/or other inmates to a substantial risk of harm under California Code of Regulations, Title 15, section 3321. Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential. Cal. Code Regs. tit. 15, § 3370(d).

Without waiving objections, Defendant responds as follows: Not to my knowledge.

### c.  Analysis and Ruling

Defendants' objections to Interrogatory No. 5 are overruled for the same reason as their objections to Interrogatory No. 2 were overruled.  Defendants shall respond with regard to such complaints or grievance's filed within the three years preceding April 2013.  It appears Plaintiff did not specify "identify" or define what he meant by the word. However, a good faith, reasonable interpretation would call for a response which specified the date of, parties to, nature of, and outcome of any such complaint or grievance.

### 6.  Request for Production No. 1

#### a.  Request

Produce the CDC Form 154 (Bed Move) dated April 2, 2013 of Inmate Richee AM8781 with the information, who authorized the bed move and who approved the bed move.

#### b.  Response

Objection.  This request seeks information of a non-party inmate that is deemed confidential under California Code of Regulations, Title 15, section 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution. Additionally, the production of confidential information is

10

improper on the grounds that an inmate shall not have access to information designated confidential. Cal. Code Regs. tit. 15, § 3370(d).  Defendant further objects to this request on the ground that it seeks information Plaintiff cannot possess under section 3450(d) of Title 15 of the California Code of Regulation.  Defendant further objects to this request on the ground that disclosure of this information is unauthorized and would jeopardize institutional security under sections 3275 and 3276 of Title 15 of the California Code of Regulations.

### c. Analysis and Ruling

Defendants cite Cal. Code Regs. tit. 15, § 3370 to argue that production of these documents is prohibited.  However, while this regulation "may prevent defendants from producing the documents without a court order, they do not prevent this court from issuing an order requiring their production." Gray, 2015 WL 1509082, at *7 (ordering release of redacted rule violation reports pertaining to violent behavior by Plaintiff's attacker).

Defendants also argue, without elaboration, that the bed move form contains confidential information, and thus that disclosure would be prohibited under Cal. Code Regs. tit. 15 § 3450(d).  Without more information about any possible security threat disclosure might to pose, the Court will overrule Defendants' objections and order disclosure of the Bed Move form.

## V.    CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED THAT:

1. Plaintiff's motion to compel (ECF No. 22) is GRANTED IN PART AND DENIED IN PART;

2. Defendants shall provide further responses to Interrogatories Nos. 1 through 5 and Request for Production No. 1 within **thirty (30) days** of service of this Order; and

11

3.  Plaintiff may, but need not, file a further motion to compel within **fourteen (14) days** of service of Defendant's further response.

IT IS SO ORDERED.

Dated:   June 10, 2015                              /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE

12