1
2
3
4
5
<u>6</u>
7
8
9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE HAMILTON,<br><br>            Plaintiff,<br><br>    v.<br><br>J. QUINONEZ, et al.,<br><br>            Defendants. | **Case No.  1:14-cv-01216-LJO-MJS (PC)**<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL**<br><br>**ORDER GRANTING DEFENDANTS' REQUEST TO MODIFY SCHEDULING ORDER**<br><br>**(ECF Nos. 27 & 33)**<br><br>**FOURTEEN-DAY DEADLINE** |

10
11
12
13
14
15
16

17   Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil
18 rights action brought pursuant to 42 U.S.C. § 1983.  He is currently incarcerated at the
19 Correctional Training Facility in Soledad, California.   The case proceeds against
20 Defendants J. Quinonez and E. Lozano on Plaintiff's Eighth Amendment failure to
21 protect claim. (ECF Nos. 9 & 10.)

22   Before the Court is Defendants' September 22, 2015, "Motion to Compel," which
23 Plaintiff opposes.  Also before the Court is Defendants' December 1, 2015, "First Motion
24 to Modify Their Deadline for a Dispositive Motion." Plaintiff has not responded to this
25 second motion. These matters are deemed submitted pursuant to Local Rule 230(/).

26 **I.    PROCEDURAL HISTORY**

27   The Court signed a scheduling order on January 23, 2015 setting forth the
28 following deadlines:

Exhaustion Motion Filing Deadline: April 23, 2015
Deadline to Amend Pleadings: July 23, 2015
Discovery Deadline: September 23, 2015
Dispositive Motion Deadline: December 3, 2015 (ECF No. 15.)

On August 7, 2015, Defendants propounded their first set of discovery on Plaintiff ("Set 1"), which included 11 Requests for Production of Documents ("RPD") and 23 Interrogatories. (See ECF No. 27.)   By September 17, 2015, the date of Plaintiff's deposition, Defendants still had not received any responses to their discovery requests. When asked at the deposition if he received the requests, Plaintiff acknowledged that he did.  On September 22, 2015, Defendants filed the instant motion to compel Plaintiff to respond to their discovery requests. In his one-paragraph opposition to the instant motion, Plaintiff asserts that "[a]ll the interrogatories are overbroad" and that the RPD seeks information already available to Defendants.  (ECF No. 34.)

On December 1, 2015, Defendants also filed a motion to modify the scheduling order to allow more time to file dispositive motions, arguing that Plaintiff had still not filed his responses to Defendants' discovery request, preventing Defendants from adequately preparing a dispositive motion.  (ECF No. 33.)

Plaintiff has made three requests for extensions of time over the course of the case, including two requests to extend the time to respond to Defendants' discovery so that Plaintiff could consult with his jailhouse lawyer at a different facility.  (ECF Nos. 25, 28, & 31.)   The Court twice denied Plaintiff's request for an extension on those grounds.  The Court did, however, grant Plaintiff until December 7, 2015 to respond to Defendants' discovery requests.  (ECF Nos. 29 & 32.) Plaintiff timely filed his opposition to Defendants' motion to compel on December 9, 2015.[1]  (ECF No. 34.)

---

[1] Plaintiff's opposition was filed with the Court on December 9, 2015, but the certificate of service shows it was delivered to prison authorities on December 6, 2015.  Therefore under the prison mailbox rule, Plaintiff's opposition is deemed timely. Houston v. Lack, 487 U.S. 266 (1988)

## II.   <u>LEGAL STANDARDS</u>

The purpose of discovery is to streamline the trial process by narrowing and clarifying the issues in dispute.  <u>Hickman v. Taylor</u>, 329 U.S. 495, 501 (1947).  Through the discovery process, parties can dispense with the need to prove basic issues and facts at trial and instead focus on more substantive questions.  <u>See</u> <u>United States v. Proctor & Gamble Co.</u>, 356 U.S. 677, 682 (1958) (noting that discovery, together with pretrial procedures, "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.")  With these goals in mind, Rule 26(b)(1) permits parties to obtain discovery "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  Since discovery cannot serve its purpose without the cooperation of all parties involved, the discovery process is subject to the overriding limitation of good faith, and callous disregard for discovery responsibilities will not be condoned.  <u>Asea, Inc. v. S. Pac. Transp. Co.</u>, 669 F.2d 1242, 1246 (9th Cir. 1981).

If a party objects to any interrogatory, the grounds for that objection must be stated with specificity.  Fed. R. Civ. P. 33(b)(4).  Likewise, any objection to a RPD must state with specificity the grounds for objecting to the request. Fed. R. Civ. P. 34(b)(2)(B). If a party does not object to an Interrogatory within the time designated by the Court, his objection may be deemed waived absent good cause.  Fed. R. Civ. P. 33(b)(4).  While Rule 34 does not specifically provide for a waiver where an objection is untimely, "courts have held that such a failure may be deemed a waiver."  <u>Cal. Sportfishing Prot. All. v. Callaway</u>, Civ. No. 10-cv-1801-TLN-GGH, 2011 WL 4479531, at *1 (E.D. Cal. Sept. 27, 2011).

Under Rule 37(a)(1), a party may move for a court order compelling disclosure or discovery.  Fed. R. Civ. P. 37(a)(1).  The motion must include a certification that a good faith attempt was made to confer with the opposing party about the discovery dispute

1  before seeking Court intervention.  Id.  The Court has the discretion impose sanctions
2  against a non-cooperating party.  Fed. R. Civ. P. 37(b).

3  **III.   DISCUSSION**

4      **A.   Defendants' Motion To Compel Plaintiff to Respond**

5      It appears, and Plaintiff does not dispute, that Plaintiff has failed to provide any
6  responses to Defendants' discovery requests.   In his opposition, Plaintiff states only
7  that:

8        All the interrogatories are overbroad as to scope.  Plaintiff further
      objects that Defendants request seeks information that located (sic)
9        in Plaintiff appeals/602, complaint and accessible via CDCR files.
      Pl.'s Opp'n at 2 (ECF No. 34).
10

11      Defendants argue that, in light of Plaintiff's failure to respond to their requests,
12  Plaintiff has waived any objections to them.  Davis v. Fendler, 650 F.2d 1154, 1160 (9th
13  Cir. 1981) ("Generally, in the absence of an extension of time or good cause, the failure
14  to object to interrogatories within the time fixed by Rule 33 . . . constitutes a waiver of
15  any objection.")   Defendants claim in this regard is compelling.   However, given
16  Plaintiff's pro se status, the Court will give him one last opportunity to respond or object
17  properly.  Plaintiff is reminded that although he is a prisoner proceeding pro se, he must
18  follow the rules of discovery.  Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) ("[P]ro se
19  litigants are bound by the rules of procedure.") Further disregard of them will not be
20  tolerated.

21      At this point, Plaintiff's objections to Defendants' discovery requests are not
22  properly before the Court.   Plaintiff is therefore ORDERED to respond directly to
23  *Defendants* on each of Defendants' requests, even if he believes some may warrant
24  objection.  Fed. R. Civ. P. 33(b), 34(b)(2).  It will then be up to Defendants to file a
25  motion to compel if they believe the objection is not justified.   Fed. R. Civ. P.
26  37(a)(3)(B).

27      Defendants' motion to compel responses will therefore be granted.  Plaintiff must
28  serve his responses on Defendants within **fourteen (14) days** of the date of service of

1   this order.

2       **B.     Defendants' Motion For Attorney's Fees**

3       Defendants request that Plaintiff be sanctioned in the amount of the attorney's

4   fees they have incurred in bringing this motion ($425).  The Court will deny the request ,

5   at this time, but do so without prejudice to Defendant's resubmission of it for

6   considerations after the Court evaluates Plaintiff responses in light of the foregoing

7   order.

8       **C.     Defendants' Motion To Modify Scheduling Order**

9       This Court may modify a scheduling order upon a showing of good cause.  Fed.

10  R. Civ. P. 16(b)(4); <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir.

11  1992).

12      Good cause being shown, Defendants' motion to modify the scheduling order will

13  be granted.  Plaintiff's responses to Defendants' discovery requests must be served

14  **fourteen (14) days** from the date of service of this Order.  Any further delay will result in

15  sanctions against Plaintiff.

16      The deadline for filing a motion to compel shall be **twenty-eight days** from the

17  date of this Order. Absent good cause, discovery motions will not be considered if filed

18  after the discovery deadline.

19      The deadline for filing all dispositive motions shall be **July 15, 2016**.

20  **IV.   <u>CONCLUSION</u>**

21      For the foregoing reasons, IT IS HEREBY ORDERED that:

22  1. Defendants' motion to compel Plaintiff's responses to their Request for

23      Production of Documents and Interrogatories is GRANTED.

24  2. Defendants' motion for attorney's fees is DENIED.

25  3. Defendants' motion to modify the scheduling order is GRANTED.

26      a. Plaintiff must respond to Defendants' discovery requests within

27      **fourteen (14) days** of the date of service of this order.

28

b.  The deadline for Defendants to file a motion to compel is 28 days from the date of this Order

c.  The deadline for filing of dispositive motions will be **July 15, 2016**.

IT IS SO ORDERED.

Dated:   April 20, 2016                    /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE