UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE HAMILTON,<br><br>    Plaintiff,<br><br>    v.<br><br>J. QUINONEZ, et al.,<br><br>    Defendants. | Case No. 1:14-cv-01216-LJO-MJS (PC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' SECOND MOTION TO COMPEL**<br><br>**ORDER DENYING DEFENDANTS' REQUEST FOR MONETARY SANCTIONS**<br><br>**ORDER GRANTING DEFENDANTS' REQUEST TO STAY DEADLINE FOR FILING DISPOSITIVE MOTIONS**<br><br>**(ECF No. 37)**<br><br>**FOURTEEN-DAY DEADLINE TO FILE THIRD MOTION TO COMPEL** |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. He is currently incarcerated at the Correctional Training Facility in Soledad, California. The case proceeds on Plaintiff's first amended complaint against Defendants J. Quinonez and E. Lozano on Plaintiff's Eighth Amendment failure to protect claim. (ECF No. 9.)

    Before the Court is Defendants' May 19, 2016 "Second Motion to Compel Plaintiff's Further Discovery Responses and Seeking Monetary Sanctions." (ECF No.

37.) On June 13, 2016, Plaintiff filed a response. (ECF No. 38.) Defendants did not file a reply and the time for doing so has passed. The matter is deemed submitted pursuant to Local Rule 230(/).

I.      **Procedural History**

On January 23, 2015, the Court set a discovery deadline of September 23, 2015, and a dispositive motion deadline of December 3, 3015. (ECF No. 15.)

On August 7, 2015, Defendants propounded their first set of discovery on Plaintiff ("Set 1"), which included 11 Requests for Production of Documents ("RPDs") and 23 Interrogatories. (See ECF No. 27.)  By September 17, 2015, the date of Plaintiff's deposition, Defendants still had not received any responses to their discovery requests. When asked at the deposition if he received the requests, Plaintiff acknowledged that he had.  On September 22, 2015, Defendants filed their first motion to compel Plaintiff to respond to their discovery requests. (ECF No. 27.)  Included within Defendants' motion was a request that the Court sanction Plaintiff in the amount of $425.00, the amount of attorney's fees incurred by Defendants in bringing their motion, and a request that the Court modify the scheduling order to allow parties time to complete discovery and file any further motions to compel before filing dispositive motions. Id. Plaintiff filed two requests to extend the time to respond to Defendants' discovery requests on the grounds that Plaintiff needed to consult with his jailhouse lawyer at a different facility. (ECF Nos. 28 & 31.) The Court denied both of those requests and directed Plaintiff to file a response. (ECF Nos. 29 & 32.) In his one-paragraph opposition to Defendants' motion, filed December 9, 2015, Plaintiff asserted that "[a]ll the interrogatories are overbroad" and that the RPDs sought information already available to Defendants. (ECF No. 34.)

On April 21, 2016, the Court granted in part Defendants' motion, and ordered Plaintiff to respond to Defendants' discovery requests within fourteen days of the Court's order. (ECF No. 35.)  The Court also directed Defendants to serve and file any

1  additional motions to compel within twenty-eight days of the Court's order, and
2  extended the dispositive motion deadline to July 15, 2016. Id. The Court denied, without
3  prejudice, Defendants' request for sanctions. Id.

4  On or about May 11, 2016, Plaintiff served Defendants with his discovery
5  responses, dated April 30, 2016. (Mayer Dec. (ECF No. 37-2) ¶ 2.) On May 19, 2016,
6  Defendants filed the instant motion to compel. (ECF No. 47.) Therein, Defendants ask
7  the Court to compel Plaintiff to provide further responses; to afford Defendants an
8  additional twenty-one days to file a further motion to compel, if necessary; to sanction
9  Plaintiff in the amount of $1,360.00, and to stay the deadline for filing dispositive
10 motions until the instant discovery dispute is resolved.

11 **II.      Legal Standards**

12 The purpose of discovery is to streamline the trial process by narrowing and
13 clarifying the issues in dispute. Hickman v. Taylor, 329 U.S. 495, 501 (1947). Through
14 the discovery process, parties can dispense with the need to prove basic issues and
15 facts at trial and instead focus on more substantive questions. See United States v.
16 Proctor & Gamble Co., 356 U.S. 677, 682 (1958) (noting that discovery, together with
17 pretrial procedures, "make a trial less a game of blind man's bluff and more a fair
18 contest with the basic issues and facts disclosed to the fullest practicable extent.")  With
19 these goals in mind, Rule 26(b)(1) permits parties to obtain discovery "regarding any
20 non-privileged matter that is relevant to any party's claim or defense and proportional to
21 the needs of the case." Fed. R. Civ. P. 26(b)(1). Since discovery cannot serve its
22 purpose without the cooperation of all parties involved, the discovery process is subject
23 to the overriding limitation of good faith, and callous disregard for discovery
24 responsibilities will not be condoned. Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242,
25 1246 (9th Cir. 1981).

26 If a party objects to any interrogatory, the grounds for that objection must be
27 stated with specificity. Fed. R. Civ. P. 33(b)(4). Likewise, any objection to a RPD must
28

state with specificity the grounds for objecting to the request. Fed. R. Civ. P. 34(b)(2)(B). If a party does not object to an Interrogatory within the time designated by the Court, his objection may be deemed waived absent good cause. Fed. R. Civ. P. 33(b)(4).  While Rule 34 does not specifically provide for a waiver where an objection is untimely, "courts have held that such a failure may be deemed a waiver." Cal. Sportfishing Prot. All. v. Callaway, Civ. No. 10-cv-1801-TLN-GGH, 2011 WL 4479531, at *1 (E.D. Cal. Sept. 27, 2011).

Under Rule 37(a)(1), a party may move for a court order compelling disclosure or discovery.  Fed. R. Civ. P. 37(a)(1).  The motion must include a certification that a good faith attempt was made to confer with the opposing party about the discovery dispute before seeking Court intervention.  Id.  The Court has the discretion to impose sanctions against a non-cooperating party.  Fed. R. Civ. P. 37(b).

**III.   Discussion**

Defendants list twelve of Defendant Lozano's interrogatories that they seek further responses to: Interrogatories Nos: 1, 2, 3, 5, 6, 7, 9, 10, 12, 13, 18, and 19. (ECF No. 31-1 at 4-10.) Defendants also state that Plaintiff has "improperly objected to eight" of Defendant Quinonez's RPDs and failed to provide any responsive documents at all. Id. at 3.

Defendants argue that Plaintiff's responses are insufficient because they are vague and evasive and his objection meritless. Defendants also point out that Plaintiff's responses to Defendants' interrogatories are unsworn and thus violate Federal Rule of Civil Procedure 33(b)(3), which states, "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  They are also unsigned, in violation of Federal Rule of Civil Procedure 26(g)(1), which states, "every discovery request, response, or objection must be signed . . . by the party personally, if unrepresented."

Plaintiff is required to sign his responses to interrogatories, and to answer the interrogatories under oath. He did not do so in his April 30, 2016 responses; rather, his signed and sworn declaration applies only to the amended responses contained within Plaintiff's June 13, 2016 brief.

The Court will grant in part Defendants' motion to compel and require Plaintiff to provided signed and sworn responses to all of the April 30, 2016 discovery responses within fourteen days. Defense counsel shall meet and confer with Plaintiff to facilitate such signature in the event Plaintiff does not have a copy of his original responses.

However, the Court will not analyze whether Plaintiff's responses are sufficient, as Plaintiff's opposition brief contains amended responses to Defendants' interrogatories and RPDs. (ECF No. 38 at 3-6.) In his amended responses, Plaintiff provides what appear to be direct and cogent responses to each of the above-listed interrogatories, and propounds no objections[1]. Id. In response to Defendants' RPDs, Plaintiff provides two documents responsive to Defendants' RPDs (ECF No. 38, Exs. A & B), and directs Defendants to specific portions of his complaint and inmate appeals where Plaintiff believes the information sought may be found. (ECF No. 38 at 6-7.) Where Plaintiff does not have the requested documents in his possession, he so states, with the added assurance that he will provide copies of these documents to Defendants if and when they become available to Plaintiff. Id.  Again, Plaintiff propounds no objections to Defendants' RPDs. Finally, Plaintiff attaches a certification swearing to the veracity and authenticity of his amended responses. (ECF No. 38 at 12.)

Plaintiff's reference to his complaint is not a proper response to a RPD. Indeed, the Court has read the pages and paragraphs Plaintiff references and finds therein no identification of documents responsive to Defendants' requests. Nevertheless, on the whole, Plaintiff's amended responses to the RPDs seem to indicate that the only documents Plaintiff is aware of that support his claims are the medical and appeal

---

[1] In a few instances, Plaintiff re-prints his previously propounded objection, then follows it with a substantive response to the request.

records he properly had identified. To the extent these amended responses were still insufficient, Defendants could have filed a reply stating as much. They did not.

The Court will therefore grant in part and deny in part Defendants' second motion to compel. The Court will require Plaintiff to provide signed, sworn copies of his April 30, 2016 responses but will deny the motion to compel in all other respects. To the extent Defendants believe Plaintiff's amended responses are unsatisfactory, the Court will grant Defendants fourteen days from the date of this order to file a third motion to compel.[2]

**IV.   Stay Dispositive Motion Deadline**

Defendants ask the Court to "stay Defendants' obligation to file a dispositive motion until Plaintiff substantively responds." (ECF No. 37-1 at 15.)

This Court may modify a scheduling order upon a showing of good cause. Fed. R. Civ. P. 16(b)(4); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The Court finds it is appropriate to stay the deadline to file dispositive motions until after the outstanding discovery issues are resolved. Therefore, Defendants' motion will be granted. The deadline for both parties to file a dispositive motion will be stayed pending further order by the Court.

**V.   Defendants' Request For Sanctions**

Defendants request that Plaintiff be sanctioned, pursuant to Rule 37(b)(2), in the amount of the attorney's fees they have incurred in bringing this motion ($1,360.00), arguing that Plaintiff's failure to respond or "properly" object to Defendants' discovery requests constituted a failure to comply with the Court's order in ECF No. 35. Fed. R. Civ. P. 37(b)(2)(A) and (C).

Plaintiff responds, without elaborating, that his responses were not evasive and his objections were not meritless, and attorney's fees are therefore not warranted.

---

[2] Although Defendants requested twenty-one days to file an amended motion to compel, they have had Plaintiff's amended responses, filed with his opposition, for nearly three months. Accordingly, the Court finds fourteen days sufficient for Defendants to file a further motion to compel, if necessary.

6

Plaintiff points out that he did not realize his responses had to be sworn and signed.

Federal Rule of Civil Procedure 37(b)(2)(A) authorizes the Court to order sanctions against a party that fails to comply with a discovery order. Further, under subsection 37(b)(2)(C), the Court must order the disobedient party to pay the reasonable costs incurred by the movant in bringing their motion to compel unless that party's failure to comply with the Court order was substantially justified or other circumstances make the award of attorney's fees unjust. Similarly Rule 37(a)(5) dictates that the Court must require Plaintiff to pay Defendants' costs where Plaintiff provides the requested discovery after the motion to compel is filed, as here. However, the Court must not order payment if "the movant filed the motion before attempting in good faith to obtain the disclosure without court intervention," "the opposing party's nondisclosure, response, or objection was substantially justified," or "other circumstances make an award of expenses unjust." Fed R. Civ. P. 37(a)(5)(A)(i)-(iii).

Sanctions for failure to obey a discovery order are "appropriate only in 'extreme circumstances' and where the violation is 'due to willfulness, bad faith, or fault of the party.'" Fair Housing of Marin v. Combs, 285 F.3d 899, 905 (9th Cir.) (citing United States v. Kahaluu Constr. Co., Inc., 857 F.2d 600, 603 (9th Cir. 1988), *cert. denied,* 537 U.S. 1018. (2002)). The Court finds no evidence of bad faith here.

The Court first notes that in its order granting Defendants' first motion to compel, the Court stated it did not believe Plaintiff acted in bad faith when he delayed his responses to Defendants' discovery requests, as Plaintiff had stated at several junctures that he wanted to consult with his jailhouse lawyer. (ECF No. 35 at 4.) While the Court reminded Plaintiff that a jailhouse lawyer is not an attorney and is precluded from acting as one on Plaintiff's behalf, Johns v. Cty of San Diego, 114 F3d 874, 877 (9th Cir. 1997), the Court also acknowledged that the process of litigation can be challenging for a layman, particularly one who is incarcerated, to navigate on his own. See, e.g., Rand v. Rowland, 154 F.3d 952, 957-58 (9th Cir. 1998). Thus, Plaintiff was

entitled to a degree of leeway in his filings. Id.

The Court similarly finds that here Plaintiff did not act in bad faith when he served his responses. Firstly, when the Court ordered Plaintiff to provide a response to each of Defendants' interrogatories and RPDs within fourteen days of the Court's order, Plaintiff timely complied. While some of Plaintiff's responses were admittedly vague and non-responsive, and some of his objections lacked merit, it is not clear that Plaintiff's responses resulted from bad faith disobedience, or simply from his not understanding what he was expected to do. Furthermore, Plaintiff is not trained in the law; arguably, he was not on notice of the deficiencies in his responses until he received Defendants' second motion to compel. Within a month of receiving that motion, Plaintiff filed amended responses that, as far as the Court can tell, provided Defendants with the information they seek. Any objections Defendants had to Plaintiff's amended responses could have been articulated in Defendants' reply, had they filed one. They did not.

At this juncture, therefore, the Court will deny, without prejudice, Defendants' request for sanctions.

## VI. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel (ECF No. 37) is GRANTED IN PART AND DENIED IN PART;
2. Within fourteen days of this order, Plaintiff shall provide Defendants with signed and sworn copies of his April 30, 2016 discovery responses;
3. Defendants are granted fourteen days from the date of this order to file a third motion to compel;
4. Defendants' request for sanctions is DENIED;
5. Defendants' request to stay the deadline for filing dispositive motions is GRANTED; and

6. The deadline for filing dispositive motions is STAYED pending further order of the Court.

IT IS SO ORDERED.

Dated: September 19, 2016          /s/ *Michael J. Seng*
                                                        UNITED STATES MAGISTRATE JUDGE